```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

CARLOS BYTHER,                    *
                                  *
     Plaintiff,                   *
                                  *
vs.                               *   CIVIL ACTION NO. 04-0404-CG-B
                                  *
CITY OF MOBILE, et al.            *
                                  *
     Defendants.                  *
```

## ORDER

This matter is before the Court on Plaintiff's Motion For Order Permitting Audio Recording At Defense Medical Examination (Doc. 79).  In his motion, Plaintiff asserts that Defendants have arranged for Plaintiff to undergo a mental examination by psychologist, Dr. Kirkland, on May 11, 2005, and that because of Plaintiff's memory problems, a third party should be permitted to attend the examination in order to protect Plaintiff's Fifth Amendment privilege, or in the alternative, the examination be audio recorded.  Defendants oppose Plaintiff's motion, and argue that Plaintiff was examined by his expert without a third party in attendance and without audio recording, and that Defendants are entitled to have Plaintiff examined under the same conditions.  The undersigned conducted a telephone conference on May 10, 2005 at which time counsel for the parties were given an opportunity to present their respective positions.

Based on the information offered by the parties, and a

review of the relevant case law, the undersigned **DENIES** Plaintiff's motion.  Although Rule 35 is silent on the question of who may attend an examination, "such examinations, like all other forms of discovery, are subject to the general provision of Rule 26(c) that the court 'may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" Bethel v. Dixie Homecrafters, Inc., 192 F.R.D. 320, 323 (N.D. Ga. 2000) (citations omitted).  The party seeking the protection of Rule 26(c) has the burden of establishing the need for special conditions.  Id. at 324.

In Shirsat v. Mutual Pharmaceutical Co., Inc., 169 F.R.D. 68, 70 (E.D. Pa. 1996), the court refused a plaintiff's request for an independent observer during an examination, and held that "an observer, court reporter, or recording device, would constitute a distraction during the examination and work to diminish the accuracy of the process."  According to the court, "the presence of the observer interjects an adversarial, partisan atmosphere into what should be otherwise a wholly objective inquiry[,]...[and that] it is recognized that psychological examinations necessitate an unimpeded, one-on-one exchange between the doctor and the patient."  Id. at 71 (citations omitted).

In the case sub judice, Plaintiff herein has failed to establish the need for special conditions, such as audio taping, during Dr. Kirkland's examination. As the undersigned noted during today's conference, all of the parties agree that Plaintiff has no memory of the events that led to his injury. Since Plaintiff does not have any first hand knowledge of the events that led to his injury, there is no risk that he will offer information in this regard that could implicate him. Moreover, the evidence is uncontroverted that Plaintiff underwent a mental examination by one of his medical experts, Dr. Rosen, and that this examination was conducted without the intrusion of an observer or a recording. Further, Plaintiff has not offered any evidence that demonstrates that he will somehow be prejudiced or placed at a disadvantage if not allowed to record Dr. Kirkland's examination. While Plaintiff's counsel allege that due to Plaintiff's memory loss, they will not be able to effectively cross-examine Dr. Kirkland without a recording, the undersigned fails to see how that situation is any different from Defendants' position with respect to their cross-examination of Dr. Rosen, who was able to conduct his examination without the intrusion of an observer or a recording. Accordingly, for the reasons set forth herein, Plaintiff's motion is **DENIED.**

DONE this **10th** day of **May, 2005.**

                                          s/SONJA F. BIVINS
                                        UNITED STATES MAGISTRATE JUDGE