```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

CARLOS BYTHER,                       *
                                     *
    Plaintiff,                      *
                                     *
vs.                                  *  CIVIL ACTION NO.04-00404-CG-B
                                     *
CITY OF MOBILE, *et al.*             *
                                     *
    Defendants.                     *

## ORDER

This matter is before the Court on Defendants' Motion To Strike Plaintiff's Supplemental Expert Report of Dr. L. Jay Turkewitz, M.D. (Doc. 77).  In their motion, Defendants seek an order striking Dr. Turkewitz' supplemental expert report as untimely.  Defendants note that Plaintiff provided Dr. Turkewitz' initial expert report on January 28, 2005, nearly one month beyond the deadline contained in the Court's original Scheduling Order.  Although Defendants filed a motion to strike Dr. Turkewitz's initial report, along with the reports of Plaintiff's other experts because they were all untimely submitted, the undersigned, upon consideration of Defendants' motion, and Plaintiff's opposition thereto, denied Defendants' motion with respect to the first four experts identified by Plaintiff.

Subsequent thereto, Plaintiff provided to Defendants, at the beginning of Dr. Turkewitz's deposition in New Orleans on April

22, 2005, a supplemental report prepared by Dr. Turkewitz. Defendants assert that while Dr. Turkewitz's initial report offered opinions regarding the likely cause of Plaintiff's injuries, the supplemental report includes opinions regarding Plaintiff's prognosis.  Defendants also contend that because the Court previously allowed Plaintiff to disclose four experts, a month after the deadline contained in the original scheduling order, it would be unfair and prejudicial to Defendants if Plaintiff is allowed to rely on Dr. Turkewitz' supplemental report which was submitted at the beginning of Dr. Turkewitz' deposition, nearly three months following Plaintiff's untimely initial disclosure of Dr. Turkewitz.

In Plaintiff's response, his counsel appears to suggest that the untimely death of their firm's senior partner, Johnnie L. Cochran, Jr.,  somehow impacted counsel's ability to timely provide Dr. Turkewitz's supplemental report[1].  The report offers no explanation of why Plaintiff's counsel did not foresee the need to have Plaintiff examined by Dr. Turkewitz before March 2005, nor any explanation for the fact that Defendants were not provided Dr. Turkewitz's supplemental report until the beginning

---

[1]Plaintiff's pleadings suggest otherwise.  According to Plaintiff's pleadings, Mr. Cochran died on March 29, 2005, and Plaintiff's examination by Dr. Turkewitz proceeded as scheduled on March 31, 2005.

of his deposition on April 22, 2005 even though Plaintiff was examined by Dr. Turkewitz on March 31, 2005.

Based upon a careful review of the record before the Court, the undersigned concludes that the Supplemental Report of Dr. Turkewitz should be stricken.  While Fed. R. Civ. P. 26(e) requires a party to supplement or correct disclosure upon information later acquired, that provision does not license parties to freely circumvent deadlines established in the Court's scheduling orders.  As aptly noted by the Court in Beller v. United States of America, 221 F.R.D. 689, 695 (D.N.M. 2003):

> To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could "supplement" existing reports and modify opinions previously given.  This practice would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines, because new reports and opinions would warrant further consultation with one's own expert and virtually require new rounds of depositions.  That process would hinder rather than facilitate settlement and the final disposition of the case.

Id. at 695.  See also Carter v. The Finely Hospital, 2003 WL 22232844, *2 (N. D. Ill. Sept. 22, 2003) (noting that "[i]t is disingenuous to argue that the duty to supplement under Rule 26(e)(1) can be used as a vehicle to disclose entirely new expert opinions after the [expert disclosure] deadline

3

established by the court . . . .").

In the case <u>sub judice</u>, the supplemental report of Dr. Turkewitz does not correct or clarify information contained in the original report, which focused on the likely cause of Plaintiff's injuries.  To the contrary, the supplemental report is much broader, and includes opinions regarding a new issue, Plaintiff's diagnosis.  As such, the supplemental report is clearly designed to buttress Plaintiff's case as opposed to clarify information contained in the initial report.  Additionally, although Plaintiff was examined by Dr. Turkewitz on March 31, 2005, the report was not provided to defense counsel until the beginning of Dr. Turkewitz's deposition on April 22, 2005.  Moreover, permitting Plaintiff to utilize Dr. Turkewitz's untimely supplemental report will result in further delay[2] as Defendants would need an opportunity to depose Dr. Turkewitz and possibly submit supplemental reports from their own experts regarding the expanded opinions contained in Dr. Turkewitz's supplemental report.

---

[2] As noted <u>supra</u>, Plaintiff's initial expert disclosures were filed nearly a month after the deadline contained in the original Scheduling Order and necessitated an extension of discovery and other deadlines in this case.

4

Accordingly, Defendants' Motion to Strike Turkewitz's Supplemental Report is **GRANTED**.

**DONE** this **17TH** day of **June, 2005.**

**s/SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
